# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | | |
|---|---|---|
| ROBIN KENT DONAHUE, JR., | ) | |
| *individually and on* | ) | |
| *behalf of all others similarly situated*, | ) | CLASS ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| BOJ OF WNC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NATIONWIDE CLASS ACTION COMPLAINT

Plaintiff ROBIN KENT DONAHUE, JR. (hereinafter "Plaintiff") on behalf of himself and all others similarly situated, by and through undersigned counsel, brings this lawsuit against Defendant BOJ OF WNC, LLC, and based upon information and belief, except for those allegations pertaining to Plaintiff which are based on his personal knowledge, and investigation of his counsel, alleges:

## INTRODUCTION

1.      ROBIN KENT DONAHUE, JR., a person with a mobility disability who uses a wheelchair for mobility, brings this action individually and on behalf of all others similarly situated against Defendant, asserting violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). Mr. DONAHUE is a paraplegic and has been using a wheelchair for the last 39 years. Mr. DONAHUE's paraplegia was caused by him suffering a T-11-L-1 spinal cord injury at the age of 7. The injury was suffered in a dune buggy accident.

2.      Defendant BOJ OF WNC, LLC ("BOJANGLES") collectively owns, leases, and/or operates at least 122 BOJANGLES restaurants in the states of Tennessee, North Carolina, Georgia,

Kentucky, and South Carolina. Plaintiff's claims arise from his own experience with excessive sloping conditions in purportedly accessible parking spaces, access aisles, and curb ramps ("Parking Area" or "Parking Areas") at places of public accommodation owned, operated, controlled, and/or leased by Defendant ("Defendant's Facilities"), and from site investigations at 6 of Defendant's Facilities also finding excessive sloping conditions.

3.     Defendant discriminated against Plaintiff and others similarly situated mobility-impaired persons by implementing policies and practices that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendant's Facilities. The ADA expressly authorizes the injunctive relief aimed at modification of existing policies, practices, or procedures that Plaintiff seeks in this action.

4.     Specifically, Plaintiff experienced difficulty and risk of harm navigating the parking lot and path of access to Defendant's business due to excessive sloping, all in violation of the ADA, and that those violations exist due to inadequate compliance policy or practice that leads to, as in the case of Defendant's parking lots, a systemic failure to maintain accessibility features at Defendant's properties.

5.   Based on the extensive factual investigation performed by the Plaintiff's investigators, Plaintiff believes and therefore asserts that numerous additional facilities owned, controlled, and/or operated by Defendant have parking lots and paths of travel that are inaccessible to individuals who rely on wheelchairs for mobility, demonstrating that the centralized decision making Defendant employ with regard to the design, construction, alteration, maintenance, and operation of its facilities causes access barriers and/or allows them to develop and persist at Defendant's facilities.

6. Plaintiff brings this action individually and on behalf of all other similarly situated wheelchair users to compel Defendant to (i) remediate all access barriers within the Parking Areas of Defendant's Facilities, and (ii) modify their existing policies to ensure that Defendant's Facilities comply with the ADA's implementing regulations' excessive sloping requirements. 28 C.F.R. §§ 36.101 *et seq*. Doing so will ensure Plaintiff's full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services. Plaintiff seeks declaratory, injunctive, and equitable relief and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (the "ADA"), and its implementing regulations.

7. Unless Defendant is required to remove the access barriers described below, and required to change their policies and practices so that access barriers do not reoccur at Defendant's facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described and will be deterred from fully using Defendant's facilities so long as Defendant's unlawful discriminatory practices continue.

8. Defendant's discrimination sends a message that it is acceptable for public accommodations to adopt policies, procedures and practices that deprive mobility impaired individuals of the opportunity to full and equal enjoyment of, and a meaningful opportunity to participate in and benefit from Defendant's services.

9. The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action. In relevant part, the ADA states:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities … Where appropriate, injunctive relief shall also include requiring the … modification of a policy…

42 U.S.C. § 12188(a)(2).

10.     Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

    a.  Defendant to remediate excessive sloping with the Parking Areas at Defendant's Facilities, consistent with the ADA's implementing regulations;

    b.  Defendant to modify its existing maintenance policies to ensure that the excessive sloping conditions with the Parking Areas at Defendant's Facilities do not reoccur; and

    c.  Plaintiff's representatives shall monitor Defendant's Facilities to ensure that the injunctive relief ordered pursuant to Paragraph 6.a and 6.b has been implemented and will remain in place.

11.     Plaintiff's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

## PARTIES

12.     Plaintiff DONAHUE is, and at all times relevant hereto was, a resident of Knox County in the State of Tennessee. Plaintiff is an individual with disabilities as defined by the ADA, which substantially limits his major life activities, including but not limited to: walking and

4

standing. Plaintiff uses a wheelchair for mobility purposes and is therefore a member of a protected class under the ADA , 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

13.     Plaintiff is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

14.     Defendant BOJ OF WNC, LLC ("BOJANGLES") is a corporation organized under the laws of North Carolina and registered with the Tennessee Secretary of State to conduct business in Knox County and all other counties within Tennessee, and/or operator of dozens of BOJANGLES restaurants in the state. Defendant's principal place of business is located at 131 Glenn Bridge Road, Arden, NC 28704.

15.     At all times mentioned and referenced within this Complaint, Defendant's corporate structure, to include but not limited to all parent corporate entities, subsidiaries, affiliates, agents, shared management and directorships, franchisors and franchisees, employees,  and all other contractors were under shared or common management, and in control of each other within this corporate structure, and were acting within this scope with the permission and/or directives regarding the issues of ADA compliance across all ownership interests.

16.     Plaintiff asserts that Defendant, at all times mentioned in this Complaint, was the alter ego, affiliate, agent and/or employee and/or employer of its related entities, under shared management, ownership, and common control, and in doing the things alleged in this Complaint was acting within the course of such agency, affiliation, shared management, ownership, control, and/or employment and with the permission and consent of its related entities.

17.     At all times mentioned and referenced within this Complaint, BOJANGLES maintained lease operating agreements with other persons or entities who maintained ownership

interests in the leased premises for those retail locations not owned directly by BOJANGLES. Under the ADA, regardless of the lease provisions, BOJANGLES is responsible for ensuring that all BOJANGLES retail locations maintain compliance under the ADA.

18.     Plaintiff is further informed and believes, and based thereon alleges, that Defendant collectively owns, leases, and/or operates at least 122 BOJANGLES restaurants in the country, as described herein.

19.     Defendant's Facilities are places of public accommodation as defined in 42 U.S.C. § 12181(7).

## FACTUAL ASSERTIONS

**I.      Plaintiff Has Been Denied Full and Equal Access to Defendant's Facilities.**

20.      Plaintiff has visited Defendant's facilities located at 2223 N Charles G Seivers Blvd, Clinton, TN 37716, where he experienced unnecessary difficulty and risk of harm exiting and entering his vehicle that required him to exercise extra care due to excessive slopes in a purportedly accessible parking area and other discriminatory ADA accessibility violations as set forth in more detail below. On this particular day when Plaintiff visited the property, Plaintiff was running errands in the area. This location is convenient for Mr. DONAHUE because it is located 17 miles from his home, and Plaintiff has a relative and a friend who live in the area. Plaintiff particular enjoys eating fried chicken and therefore frequently eats at Bojangles Restaurants.

21.      When Plaintiff visited the property, he experienced excessive sloping. This excessive sloping resulted in extreme difficulty exiting his vehicle, entering the store, and re-entering his vehicle. When Plaintiff exits his vehicle, he removes his wheelchair from the vehicle, places it on the ground, and uses his arms to move from his vehicle to the wheelchair. When the

6

designated accessible space and access aisle are excessively sloped, as they are at this particular location, the wheelchair rolls away while Plaintiff is trying to get into it. Trying to move from a vehicle to a wheelchair that is unsteady and rolling on excessive sloping is dangerous and puts Plaintiff at risk of falling and at risk of serious injury.

22.     Despite this difficulty and risk, Plaintiff plans to return to Defendant's facilities. It is conveniently located for him because it is close to his home and he often runs errands and visits a relative and a friend in the area. Furthermore, Plaintiff is not required to return and re-expose himself to the injury of patronizing a property that is not in compliance with the ADA; however, he intends to return to Defendant's facilities to ascertain whether those facilities remain in violation of the ADA.

23.     As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and safely use Defendant's facilities has been significantly impeded. Plaintiff will be deterred from returning to and fully and safely accessing Defendant's facilities due to the discrimination on the basis of disability he has previously encountered there. Defendant's discriminatory conduct will continue so long as its facilities remain non-compliant with the ADA's parking and lane of access regulations, and that those violations presently exist due to Defendant's inadequate compliance policy or practice that have led, and in the future will lead to a systemic failure to maintain ADA required accessibility features at Defendant's properties.

24.     Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendant's facilities and will continue to experience unlawful discrimination on the basis of disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant's facilities, in violation of his civil rights under the ADA.

7

25.     As an individual with a mobility disability who uses a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendant's facilities, have adequate compliance policies or practices that will lead to both the maintenance ADA required accessibility features at Defendant's properties, and remediation of architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

26.     On or about May 25, 2025, Plaintiff attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron at the BOJANGLES restaurant located at 2223 N Charles G Seivers Blvd, Clinton, TN 37716 ("Subject Property").

27.     Plaintiff lives within 30 miles of the Subject Property. The Subject Property is located in Knox County on a thoroughfare that he frequently travels.

28.     Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

29.     Plaintiff recently traveled to the Subject Property as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to equal access present at the Subject Property.

30.     Plaintiff has a fundamental right as established under the ADA to patronize any place of public accommodation as any person who is not disabled has.

31.     Plaintiff's day-to-day life has been negatively affected by the barriers to entry at the Subject Property, as his fundamental right to patronize any place of public accommodation at his choosing has been diminished by Defendant's non-compliance with the ADA. Plaintiff has no obligation to only patronize places of public accommodation that are ADA compliant.

32.     If barriers to entry are not removed at the Subject Property, they will place undue hardship, cause Plaintiff loss of opportunity, and unduly force Plaintiff to "search" for a place of public accommodation to patronize that is ADA compliant.

33.     Plaintiff intends on revisiting the Subject Property to enjoy the same experiences, goods, and services available to Defendant's non-disabled patrons as well as for Advocacy Purposes, even though he is not required to continue to repeatedly re-expose himself to the ongoing barriers to equal access and engage in the futile gesture of attempting to patronize the Subject Property, a business and places of public accommodation known to Plaintiff to have numerous and continuing barriers to equal access for wheelchair users.

34.     As the owner and manager of their properties, Defendant is required by law to create, practice and enforce specific centralized policies, practices, or procedures with regard to the alteration, maintenance, and operation of Defendant's Facilities in order to ensure compliance with the ADA.

35.     To date, Defendant's centralized alteration, maintenance, and operational policies, practices, or procedures have systematically and routinely violated the ADA and the Remediation Restoration Act and their implementing regulations by altering or maintaining its Facilities so that they are not readily accessible and are usable, by failing to remove architectural barriers, and by failing to maintain or operate its Facilities so that the accessible features of Defendant's Facilities remain accessible.

36.     Investigators examined multiple locations owned, controlled, or operated by Defendant and found the following violations, which are illustrative of the fact that Defendant utilizes policies, practices, or procedures that routinely result in accessibility violations.

37.     By failing to make the company's locations accessible and usable to wheelchair users, Defendant's Facilities, public accommodations subject to Title III of the ADA, deprive mobility—impaired individuals of the full benefits of Defendant's services – all benefits Defendant affords nondisabled individuals – thereby increasing the sense of isolation and stigma among those Americans that Title III of the ADA was meant to redress.

38.     As evidenced by the widespread failures to make Defendant's locations accessible and usable to wheelchair users, absent a change in Defendant's existing practices and procedures, these excessive conditions and the accessibility barriers they present will continue to reoccur at Defendant's locations even after they have been remediated.

## II.     Defendant Repeatedly Denies Individuals With Disabilities Full and Equal Access to Defendant's Facilities.

39.     As the owner and manager of their properties, Defendant employs centralized policies, practices, and procedures with regard to the design, construction, alteration, maintenance, and operation of its facilities.

40.     To date, Defendant's centralized design, construction, alteration, maintenance, and operational policies, practices, and procedures have systematically and routinely violated the ADA by designing, constructing, and altering facilities so that they are not readily accessible and are usable, by failing to remove architectural barriers, and by failing to maintain and operate facilities so that the accessible features of Defendant's facilities are maintained fully accessible to individuals with mobility related disabilities.

10

41.     On Plaintiff's behalf, investigators examined multiple locations owned, controlled, and/or operated by Defendant and found the following violations, which are illustrative of the fact that Defendant implements policies and practices that routinely result in accessibility violations:

    a.  2223 N Charles G Seivers Blvd, Clinton, TN 37716

        i.  The surfaces of one or more of the purportedly accessible access aisles had a cross slope of 3.1%.

        ii.  The surfaces of one or more of the purportedly accessible parking spaces had a downward slope of 3.1%

    b.  127 Sparks Crossing, Forest City, NC 28043

        i.  The surfaces of one or more of the purportedly accessible access aisles had a downward slope of 3.8%

        ii.  The surfaces of one or more of the purportedly accessible spaces had a downward slope of 3.8%.

    c.  974 Patton Ave, Asheville, NC 28806

        i.  The surfaces of one or more of the purportedly accessible spaces had a cross slope of 3.1%.

    d.  690 S Hwy 92, Dandridge, TN 37225

        i.  The surfaces of one or more of the purportedly accessible parking space had a cross slope of 2.4%.

        ii.  The surfaces of one or more of the purportedly accessible access aisles had a cross slope of 3.1%.

    e.  1901 Four Seasons Blvd, Hendersonville, NC 28792

    i. The surfaces of one or more of the purportedly accessible access aisles had a downward slope of 2.4%.

    ii. The surfaces of one or more of the purportedly accessible spaces had a downward slope of 3.0%.

  f. 2009 E Lamar Alexander Pkwy, Maryville, TN 37804

    i. The surfaces of one or more of the purportedly accessible access aisles had a downward slope of 2.6%.

    ii. The surfaces of one or more of the purportedly accessible spaces had a downward slope of 2.6%.

42. The fact that individuals with mobility-related disabilities are denied full and equal access to Defendant's numerous locations, and the fact that each of these facilities deny access by way of inaccessible parking facilities, is evidence that the inaccessibility Plaintiff experienced is not isolated, but rather, is caused by Defendant's systemic disregard for the civil rights of individuals with disabilities.

43. Defendant's systemic access violations demonstrate that Defendant either employ policies and practices that fail to design, construct, and alter its facilities so that they are readily accessible and usable and/or that Defendant employ maintenance and operational policies and practices that are unable to maintain accessibility.

44. As evidenced by the widespread inaccessibility of Defendant's parking facilities, absent a change in Defendant's corporate policies and practices, access barriers are likely to reoccur in Defendant's facilities even after they have been remediated.

45. As a result of Defendant's non-compliance with the ADA Plaintiff has been denied the benefit of full and equal enjoyment of Defendant's goods, services, facilities,

12

Case 3:25-cv-00273-KAC-DCP  Document 1  Filed 06/12/25  Page 12 of 21  PageID #: 12

privileges, advantages, or accommodations, and have been denied participation in and have been treated unequally by Defendant.

46.        Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendant's facilities and an injunction to modify the policies and practices that have created or allowed, and will create or allow, inaccessibility to affect Defendant's network of facilities.

## JURISDICTION AND VENUE

47.        This is an action for declaratory and injunctive relief pursuant to Title III of the ADA.

48.        This Court has original, federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

49.        Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events or omissions or both giving rise to Plaintiff's claims occurred, Defendant's property is located, and Defendant does business.

## CLASS ASSERTIONS

50.        Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of himself and those similarly situated.

Plaintiff reserves the right to amend or modify the Injunctive Class definition in connection with a motion for class certification or the result of discovery or both.

51.        This action should be certified as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2). It satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

a.    <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court and will facilitate judicial economy.

b.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

c.    <u>Common Question of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to and use and enjoyment of Defendant's Facilities and/or services due to Defendant's failure to make Defendant's Facilities fully accessible and independently usable as described above.

d.    <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class members. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class, and he has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

52.    Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

53.     Accordingly, this case should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE ADA, TITLE III
## [42 U.S.C. §§ 12101 et seq.]

54.     Plaintiff restates each and every allegation set forth in  the forgoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

55.     At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, et seq. was in full force and effect and applied to Defendant's conduct.

56.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendant's conduct.

57.     At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of mobility. Accordingly, he is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2).

58.     Defendant owns, leases, and/or operates BOJANGLES restaurants, including the Subject Property, that are places of public accommodation as defined under Title III of the ADA. 42 U.S.C. § 12181(7)(F).

59.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations," 42 U.S.C. § 12182(a), and prohibits places of public

accommodation, either directly or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), and from denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. §§ 36.202.

60.     Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

61.     Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

62.     Title III and its implementing regulations define discrimination to include the following:

   a.   Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

   b.   Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

   c.   For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are

readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

d.   Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

63.     The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183. 42 U.S.C. § 12188(a)(1).

64.     Plaintiff is informed and believes, and based thereon asserts, that Defendant's Facilities were altered, designed, or constructed after the effective date of the ADA.

65.     The ADA requires the accessible features of Defendant's Facilities, which include Parking Areas of those facilities, to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities.

66.     The architectural barriers described herein demonstrate that Defendant's Facilities were not constructed or altered in a manner that caused them to be readily accessible to and usable by individuals who use wheelchairs, in the first instance, and/or after that Defendant's Facilities were not maintained or operated so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

67.     Furthermore, the architectural barriers described herein demonstrate that Defendant have failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

68.     Defendant's repeated and systemic failures to remove architectural barriers, to maintain the accessible features of Defendant's Facilities, and/or modify their existing procedures to ensure compliance with the sloping requirements of the ADA's implementing regulations once

17

constructed constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

69. The ADA also provides for specific injunctive relief, which includes the following:

> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include . . . modification of a policy . . . to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

70. Defendant's Facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

71. The ADA requires Defendant's facilities to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a).

72. Further, the ADA requires the accessible features of Defendant's facilities, which include the parking lots and paths of travel, to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities. 28 C.F.R. § 36.211.

73. The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs in the first instance, and/or that Defendant's facilities were not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

74. Furthermore, the architectural barriers described above demonstrate that

Defendant have failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

75.    Defendant's repeated and systemic failures to design, construct, and alter its facilities so that they are readily accessible and usable, to remove architectural barriers, and to maintain the accessible features of their facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

76.    Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities. 42 U.S.C. § 12182(a).

77.    Defendant has failed, and continues to fail, to provide individuals who use wheelchairs with full and equal enjoyment of its facilities.

78.    Defendant's conduct is ongoing and continuous, and Defendant's conduct has harmed the Plaintiff.

79.    Unless Defendant are restrained from continuing their ongoing and continuous course of conduct, Defendant will continue to violate the ADA and inflict injury upon Plaintiff and the class.

80.    Given that Defendant have not complied with the ADA's requirements to make Defendant's Facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory rights to declaratory and prospective injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays this Court enter:

      A.    A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's

Facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that: (1) directs Defendant take all steps necessary to remove the architectural barriers described above and to bring its Facilities into full compliance with the requirements set forth in the ADA, and its implementing regulation, so that the Facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (2) directs Defendant to implement, modify and create maintenance procedures to prevent the reoccurrence of excessive sloping in the parking areas and access aisles of their retail stores and other places of public accommodation post-remediation; and (3) directs Defendant to monitor all its places of public accommodation to ensure compliance with the ADA and the orders of this Court;

C. An Order certifying the Classes proposed by Plaintiff, naming Plaintiff as Class representative, and appointing his counsel, J. Luke Sanderson, Esq. and Rebecca J. Hutto, Esq. as Class counsel;

D. An Order directing Defendant, pursuant to 28 C.F.R. §36.211, to fulfill their continuing duty to maintain their accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

E. An Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211;

F. An Order awarding reasonable attorneys' fees, costs of suit, including expert fees, and litigation expenses pursuant to 42 U.S.C. §12205 and an award of monitoring fees associated with insuring that the Defendant are in compliance with the ADA;

G. Payment of costs of suit;

H. Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505;

I.      An Order retaining jurisdiction over this case until Defendant has complied with the Court's Orders; and

J.      An Order granting whatever other relief the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act, or otherwise.


Dated: June 12,  2025                              Respectfully submitted,


                                           By:  */s/ Rebecca Hutto*
                                                 Rebecca Hutto, #39252
                                                 J. Luke Sanderson #35712
                                                 Wampler, Carroll, Wilson, & Sanderson, PLLC
                                                 208 Adams Ave.
                                                 Memphis, TN 38103
                                                 (901)523-1844
                                                 rebecca@wcwslaw.com
                                                 luke@wcwslaw.com

                                                 *Attorneys for Plaintiff*


**DEFENDANT TO BE SERVED:**
BOJ OF WNC, LLC
C/O JOSHUA HOLDEN
800 SOUTH GAY STREET, SUITE 1000
KNOXVILLE, TN 37929